OSCAR RENFRO V. THE STATE.

No. 19460.   Delivered March 3, 1938.

The opinion states the case.

*A. W. Morris,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of cutting a telephone line; his punishment was assesed at confinement in the State Penitentiary for two years.

By bill of exception number one, he complains of the testimony of Clyde Jones, an accomplice, who testified that at the time that they took a part of the telephone wire of the United Gas Public Service Company, they also took a part of the telephone wire belonging to the Sinclair Pipe Line Company. His objection was on the ground that he was charged with cutting a telephone wire belonging to the United Gas Public Service Company; that the cutting of the telephone line belonging to the Sinclair Pipe Line Company was a separate and distinct offense. The bill shows that the court admitted said testimony on the theory that it was a part of the res gestae. We agree with the trial court. Both acts were committed at or near the same time and constituted one continuous transaction.

Bill of exception number two complains of the court's failure to instruct the jury with reference to the issue of alibi. It appears from the bill that no objection of any kind was made to the court's charge; hence no reversible error is shown. Article 658, C. C. P., provides, among other things, as follows: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

Appellant, in his motion for a new trial, complains for the first time of the action of the trial court in overruling his motion for a continuance based on the absence of several witnesses. No exception seems to have been taken to the court's action in overruling the motion; hence no reversible error is shown. If appellant desired to have the action of the trial court reviewed, he should have excepted to the court's ruling at the time, and brought the matter before this Court for review by a proper bill of exception.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.