### GUS HANVY V. THE STATE.

No. 22134. Delivered May 20, 1942.
Rehearing Denied June 17, 1942.

The opinion states the case.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is theft of a goat; the punishment, two years' confinement in the State penitentiary.

The State's proof shows that appellant not only stole the goat, as alleged, but also that he admitted the theft thereof to the owner.

The appellant did not testify as a witness in his own behalf. By a witness, he showed that, at the time he came into possession of the goat and was asked relative thereto, he explained that he had purchased it from the party who was then helping him to load the goat in his car. The witness did not know this party but described him as being of short build, and said that appellant paid the party a dollar for the goat.

The State's testimony was sufficient to support the jury's conclusion of guilt.

No bills of exception accompany the record. In his brief, appellant insists that, inasmuch as the trial court failed to submit the affirmative defensive theory of purchase in his charge to the jury, reversible error is reflected, notwithstanding the fact that appellant did not except or object to the charge

in any particular. If appellant desired a specific charge on his defensive theory, he was, by reason of the provisions of Art. 658, C. C. P., under the burden of making such facts known by an exception to the charge, before it was read to the jury, or by a special requested charge. Not having done so, he waived his right thereto and cannot be heard to complain thereof. Renfro v. State, 134 Tex. Cr. R. 93, 114 S. W. (2d) 262; Bacon v. State, 133 Tex. Cr. R. 512, 112 S. W. (2d) 480; Garriott v. State, 128 Tex. Cr. R. 103, 79 S. W. (2d) 848; and authorities of like effect, collated under Note 60, Art. 658, Vernon's Annot. C. C. P.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that the charge of the court does not set forth the defensive matters urged by appellant in the trial hereof, such insistence being a repetition of that offered upon the original submission herein.

We can not ignore the statute, Art. 658, C. C. P., relative to the filing of objections to the court's charge prior to the same being read to the jury. To thus ignore such statute would cause endless confusion, and deprive the trial court of any chance to correct or supplement an erroneous charge. True it is, the appellant herein did not see fit to employ an attorney until after his conviction, and in an ordinary felony the trial court is under no obligation to furnish or appoint an attorney, and if an accused sees fit to take his chances and postpone the employment of an attorney until after his conviction, we do not think such conduct should result in a failure to enforce Art. 658 C. C. P.

There were no objections nor exceptions taken to the court's charge, and the objections first made thereto upon appeal come too late.

The motion is overruled.