Lex Newton BRAUDRICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 54587.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 1, 1978.

Gene A. Garcia, Rockport, for appellant.

John H. Flinn, Dist. Atty., Sinton, for the State.

Before ROBERTS, ODOM and DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter obtained on an indictment charging murder. Punishment was assessed by the jury at 20 years and a $5,000 fine.

In two grounds of error appellant challenges the sufficiency of the evidence to

show voluntary manslaughter. Specifically, he argues there is no evidence that he was acting under the immediate influence of sudden passion arising from an adequate cause. The relation between murder and voluntary manslaughter must be examined.

Appellant was charged with murder under V.T.C.A., Penal Code Sec. 19.02(a)(1), which provides:

"(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual; . . ."

Sec. 19.04, Voluntary Manslaughter, provides in relevant part:

"(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause."

Appellant argues that acting "under the immediate influence of sudden passion arising from an adequate cause" is an element of the offense of voluntary manslaughter, and that no evidence in the record supports proof of that element. We hold that such fact is not an element of voluntary manslaughter, but is instead in the nature of a defense to murder that reduces that offense to voluntary manslaughter.

It is the use of language in Sec. 19.04 that creates the illusion that voluntary manslaughter has one additional element not found in murder. Sec. 19.04, supra, suggests that voluntary manslaughter is murder *plus* acting from a sudden passion, etc. Murder, however, is the greater offense and voluntary manslaughter is the lesser, and not vice versa. Murder, then, may be said to consist of these elements, taking Sec. 19.02(a)(1) as the example (the indictment here charging under that theory):

1) a person

2) intentionally or knowingly

3) causes the death

4) of an individual

5) while not acting under the immediate influence of sudden passion arising from an adequate cause.

Voluntary manslaughter consists of the same elements except for the last, which would be:

5) while acting under the immediate influence of sudden passion arising from an adequate cause.

This reflects the distinguishing fact that differentiates murder and voluntary manslaughter, as provided in Sec. 19.04(a), supra, which provides that voluntary manslaughter is the same as murder "except that he caused the death under the immediate influence of sudden passion arising from an adequate cause."

Sec. 19.02, supra, does not expressly require proof that the accused was not acting under the immediate influence, etc. This element is implied, and its proof is required, only where the evidence raises the issue that the accused was acting under such an influence. Thus, it can be seen that in a case where murder is charged and the statutory elements (as distinguished from the implied element) are proven by the State the jury should be charged on the statutory elements as stated in the facts alleged in the indictment. Only if the evidence raises the issue of voluntary manslaughter as a lesser included offense (see Art. 37.09(1), V.A.C.C.P.) must the implied element be charged. Here, although the implied element of murder was not charged in the murder paragraph of the jury instruction, it was adequately charged in the voluntary manslaughter paragraph. That portion of the jury instructions charged:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 29th day of October, 1974, in Aransas County, Texas, the defendant, Lex Newton Braudrick, did then and there intentionally or knowingly cause the death of an individual, K. W. Smith, by stabbing him with a knife, but you further find and believe from all the facts and circumstances in evidence in the case, the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, *or if you have a reasonable doubt as to whether defendant*

*acted under the immediate influence of a sudden passion arising from an adequate cause,* then you will find the defendant guilty of voluntary manslaughter." (Emphasis added.)

The distinguishing feature between murder and voluntary manslaughter is not a fact that must be proven beyond a reasonable doubt to establish voluntary manslaughter, nor is it a fact that must be disproven by the State to establish murder in the absence of some evidence raising an issue as to that fact. If the issue is raised, then it must be disproven to establish murder, and a reasonable doubt on the issue requires acquittal on the murder charge and allows conviction only for voluntary manslaughter. This is the reasonable construction of Secs. 19.02 and 19.04, supra, in conjunction with one another; this is how the jury was charged in this case; this renders voluntary manslaughter a lesser included offense of murder under Art. 37.09(1), supra, which it otherwise would not be; and this is in harmony with the procedural and evidentiary consequences of a defense as provided in V.T.C.A., Penal Code Sec. 2.03, which states:

"(a) A defense to prosecution for an offense in this code is so labeled by the phrase: 'It is a defense to prosecution . . .'

"(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

"(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

"(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

"(e) A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense."

■ We therefore hold that causing death "under the immediate influence of sudden passion arising from an adequate cause" is in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter, and that the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that if raised by the evidence it must prove the absence of such influence beyond a reasonable doubt to establish murder.

■ With this clear understanding of the nature of the "immediate influence" element, appellant's grounds of error actually are tantamount to a claim that there is no evidence to support submission of the lesser included offense of voluntary manslaughter. The jury in returning a verdict of guilty of voluntary manslaughter found all of the statutory elements of murder were proven beyond a reasonable doubt, and further found a reasonable doubt on the defensive issue. We find the evidence was sufficient to support such reasonable doubt.[1] The grounds of error are overruled.

■ In another ground of error appellant contends the trial court erred in failing to charge on self-defense against multiple assailants. Objection was not properly preserved and nothing is presented for review.

■ In the last ground of error raised by counsel, it is asserted that the punishment of a five thousand dollar fine is cruel and unusual in that appellant is indigent. Being within the statutory range, the punishment is not cruel and unusual.[2] The ground of error is overruled.

■ Appellant raises numerous grounds of error in his pro se brief which are not

---

1. The facts show an escalating bar room brawl, with conflicting testimony on who started it and how it started.

2. It would violate the equal protection clause of the Fourteenth Amendment to confine appel-

lant for failure to pay the fine if he is indigent at the time his confinement under the term assessed against him expires. *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

supported by anything in the record and therefore cannot be considered by this Court.

Finding no reversible error, we affirm the judgment.

ROBERTS, J., concurs in the result.