Arthur PAIGE, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 55298.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 8, 1978.

Ed Stapleton, on appeal only, Denton, for appellant.

Gerald W. Cobb, Dist. Atty., and Freddie Dean Marsh, Asst. Dist. Atty., Denton, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter in which punishment, enhanced by proof of one prior conviction, was assessed by the jury at life.

In his first two grounds of error appellant challenges the sufficiency of the evidence to prove voluntary manslaughter on grounds that voluntary manslaughter is not a lesser included offense of murder and the State failed to prove the element of voluntary manslaughter that appellant was acting "under the immediate influence of sudden passion arising from an adequate cause" when he caused the death. V.T. C.A., Penal Code Sec. 19.04(a).

The evidence is clearly sufficient to show murder, and it is not necessary to address the sufficiency of the evidence in that regard in order to dispose of appellant's grounds of error. His arguments rest on the statutory definitions of murder, V.T. C.A., Penal Code Sec. 19.02, and voluntary manslaughter, Sec. 19.04, supra.

Section 19.02(a)(1) provides:

"(a) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual; . . ."

Section 19.04(a) provides:

"A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause."

Appellant's arguments are founded on the proposition that acting "under the immediate influence of sudden passion arising from an adequate cause" is an element of voluntary manslaughter, and from this premise

he argues in his first ground of error that voluntary manslaughter cannot be a lesser included offense of murder, and in his second ground of error that the State did not prove that element beyond a reasonable doubt.

In *Braudrick v. State*, 572 S.W.2d 709, it was held that acting "under the immediate influence of sudden passion arising from an adequate cause" is not an element of voluntary manslaughter, but is instead in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter. Therefore, the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter.

Since the evidence here was sufficient to prove murder, the greater offense, it was necessarily sufficient to prove voluntary manslaughter, the lesser included offense. Cf. *Neely v. State*, 571 S.W.2d 926. The first two grounds of error are overruled.

In his next two grounds of error appellant challenges the sufficiency of the evidence to convict him for possession of a firearm by a felon, V.T.C.A., Penal Code Sec. 46.05. Although this offense was submitted to the jury at the guilt stage of the trial, and a guilty verdict was returned, the State apparently abandoned that offense and elected to proceed only on the voluntary manslaughter conviction. We reach this conclusion because at the punishment stage the jury was instructed to assess punishment upon their finding of guilt for voluntary manslaughter, and judgment of conviction was entered for voluntary manslaughter, not for the firearms offense. Accordingly, the issues raised in the third and fourth grounds of error are moot.

Appellant next complains of omission from the record on appeal of statements sought from the prosecutor during the course of trial. The relevant portion of the record reflects:

"THE COURT: Motion for production of and inspection of evidence and information which may lead to evidence.

"MR. MARSH [Prosecutor]: All right. Your Honor, I would like the record to reflect that of the witnesses called by the State, that the Defense Attorney has been given the offense report of the police officers, that he has received or has been given a copy for the purpose of cross examination of all the witnesses that were called from whom statements were taken, specifically Thomas Jones and Fred Washington.

"THE COURT: Is that all?

"MR. MARSH: I will give the Defense attorney the statement of Linda Branham, Joe Conners and Odell Lucas, witnesses not called by the State, your Honor, and Mae Frances Royce, who is also a witness not called by the State. There are other statements which we feel do not contain any exculpatory matters or inculpatory matters, and other than color photos, which are the same that the State has introduced as exhibits here, we have no other physical or tangible evidence.

\*        \*        \*        \*        \*        \*

"MR. COBB [Defense counsel]: Your Honor, I would like for you to examine the other statements that they have in relationship to my request to determine, in your mind, as to whether they are exculpatory, and if you feel like they are not I would like to have them sealed and placed in the record.

"THE COURT: I will do that during the noon hour."

The record does not contain a sealed packet of statements. Neither, however, does it contain an adequate *post-trial* request that the matter be included, nor is there any objection to the record. Art. 40.09(7), V.A.C.C.P. Cf. *Zanders v. State*, Tex.Cr.App., 480 S.W.2d 708, 711. Nothing is presented for review.

Finally, appellant complains that evidence given by an expert constituted inadmissible hearsay. The ground of error is multifarious in that it raises objections to the autopsy report and to various testimony, which objections are scattered over seven pages of the record. The evidence was

offered to show the cause of death. From argument under this ground of error, it appears that appellant is basing this ground of error entirely on the admissibility of the autopsy report. Although the requisites for its admission as a business record were not developed, we note that appellant's general objections at trial that a proper predicate was not laid were insufficient to preserve error. Cf. *Harris v. State*, 565 S.W.2d 66, 69–70. The ground of error is overruled.

The judgment is affirmed.