Betty Thornton LAWRENCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–296–CR(T).

Court of Appeals of Texas,
Austin.

May 11, 1983.

Frank W. Sullivan, III, Fort Worth, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant, in a jury trial, was convicted of the offense of murder. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for a term of twenty-five years.

Appellant complains on appeal that the trial court erred in refusing to admit expert testimony as to her state of mind at the time of the homicide; that the evidence is insufficient to sustain her conviction for murder; and that the court erred in refusing to allow appellant to introduce evidence, at the punishment phase of the trial, of her poor health.

At the outset, we commend the State for its highly professional reply brief in which it calls the attention of this Court to the fact that there may be a fundamental error in the court's charge to the jury at the guilt-innocence phase of the trial. It is refreshing to read from the State's brief that: "[i]t is the duty of the prosecuting attorney not to convict, but to see that justice is done." *See* Tex.Code Cr.P.Ann. art. 2.01 (Supp.1982).

Appellant was indicted for murder under Tex.Pen.Code Ann. § 19.02(a)(1) and (2) (1974). A review of the record reveals that the issue of voluntary manslaughter was raised in the evidence. The trial court, in applying the law to the facts, charged the jury on the issues of murder and voluntary manslaughter as follows:

4. Now, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 2nd day of

August, 1979, the defendant, Betty Thornton Lawrence, did then and there intentionally or knowingly cause the death of an individual, Kenneth Trumble, by shooting him with a gun, or, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 2nd day of August, 1979, the defendant, Betty Thornton Lawrence, did then and there, intending to cause serious bodily injury to an individual, Kenneth Trumble, commit an act clearly dangerous to human life, to-wit: did then and there shoot the said Kenneth Trumble with a gun thereby causing the death of the said individual, as alleged in the indictment, then you will find the defendant guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder and next consider whether she is guilty of voluntary manslaughter.

5. If you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Betty Thornton Lawrence, did intentionally or knowingly cause the death of Kenneth Trumble, by shooting him with a gun, or, did then and there, intending to cause serious bodily injury to an individual, Kenneth Trumble, commit an act clearly dangerous to human life, to-wit: did then and there shoot the said Kenneth Trumble with a gun thereby causing the death of the said individual, as inquired about in the foregoing paragraph, but you further find and believe from all the facts and circumstances in the case that the defendant, in killing Kenneth Trumble, if she did, acted under the immediate influence of sudden passion arising from an adequate cause, or if you have a reasonable doubt thereof, then you will find the defendant guilty of voluntary manslaughter.

6. If you should find from the evidence beyond a reasonable doubt that the defendant is guilty of murder or manslaughter, but you have a reasonable doubt as to which offense she is guilty [of], then you should resolve that doubt in defendant's favor and find her guilty of the lesser offense of voluntary manslaughter.

■■■■ Where the issue of voluntary manslaughter is raised, the burden of proving the lack of sudden passion is placed upon the State. Moreover, this burden must be placed in the paragraph of the charge applying the law of murder to the facts of the case. Failure of the trial court to so do constitutes fundamental error requiring a reversal of the conviction. *Jenkins v. State*, 688 S.W.2d 504, Tex.Cr.App., 1983; *Cobarrubio v. State*, 675 S.W.2d 749, Tex.Cr.App., 1983 (not yet published); *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Cr.App.1978). In *Cobarrubio v. State, supra*, the Court quoted with approval the holding of *Braudrick v. State, supra* as follows:

[t]he distinguishing feature between murder and voluntary manslaughter is not a fact that must be proven beyond a reasonable doubt to establish voluntary manslaughter, nor is it a fact that must be disproven by the State to establish murder in the absence of some evidence raising an issue as to that fact. If the issue is raised, *then it must be disproven to establish murder,* and a reasonable doubt on the issue requires acquittal on the murder charge and allows conviction only for voluntary manslaughter....

We therefore hold that causing death "under the immediate influence of sudden passion arising from an adequate cause" is in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter, and that the state need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that *if raised by the evidence [the State] must prove the absence of such influence beyond a reasonable doubt to establish murder.* [emphasis in original]

*Cobarrubio v. State, supra,* at 751.

The Court wrote further that:

**231**

[w]ith the nature of the "element" of "sudden passion" in mind, it becomes apparent not only that the burden of proving the lack of sudden passion must be placed upon the prosecution, but also that this burden must be so placed in the paragraph of the charge applying the law of murder to the facts of the case. [By footnote 8, the Court sets out the charge that should be given where voluntary manslaughter is an issue.]

*Cobarrubio v. State, supra,* at 751.

The decision in *Cobarrubio* has been confirmed by the Court of Criminal Appeals in *Jenkins v. State, supra,* where the Court also held that failure to place the burden on the State to prove the lack of sudden passion in the paragraph of the charge applying the law of murder to the facts is fundamental error. *See also Sandstrom v. Montana,* 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979); *Mullaney v. Wilbur,* 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508 (1975) (where the Supreme Court held that "the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case").

The fundamental error committed in the trial court's charge leaves us with no alternative, under the facts of this appeal, other than to reverse the judgment of conviction. *Cf. Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983) (where a *Sandstrom* error was held to "deprive the defendant of constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

Appellant has raised the sufficiency of the evidence to sustain the conviction for murder. The State does not reply to this ground of error in its brief. We will not discuss in great detail the evidence. It is sufficient to note that appellant and the deceased were lovers and lived together. On the day of the homicide, both engaged in drinking alcoholic beverages at a bar over an extended period of time. The deceased became heavily intoxicated. Upon return to their apartment, the deceased grabbed appellant, threw her on a couch, and threatened to beat her head in. He did beat her on her head and face with his fist. She screamed for help. A neighbor, on hearing the screams, went to the apartment, saw the deceased standing over appellant, and was asked by appellant to not let the deceased hit her. The neighbor grabbed the deceased. Appellant then went to the bathroom, was gone only eight or ten seconds, and returned with a gun. At this time she shot the deceased. The fact that appellant had been beaten was confirmed by a police officer and a physician.

Thus, sudden passion was clearly raised. From a review of the record we are convinced and hold that the State failed to disprove sudden passion beyond a reasonable doubt. Therefore, the judgment of conviction for murder is reversed and the indictment for murder is dismissed. However, we hold that the evidence is sufficient to sustain a conviction for voluntary manslaughter or other lesser-included offenses. Therefore, dismissal of the indictment for murder is without prejudice to prosecution by the State for voluntary manslaughter or any other lesser-included offense. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Granger v. State,* 605 S.W.2d 602, 605 (Tex.Cr.App.1980).

In view of our disposition of this case, we need not discuss appellant's remaining grounds of error.

The judgment of conviction is reversed and the indictment for murder is ordered dismissed without prejudice to prosecution by the State for voluntary manslaughter or any lesser-included offense.