Angel MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-83-073CR.

Court of Appeals of Texas,
Austin.

Jan. 25, 1984.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, P.C., Belton, for appellant.

James T. Russell, Administrative Asst., Belton, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

Appellant Martinez was convicted of the offense of murder. Trial was to a jury, which assessed punishment at confinement in the Department of Corrections for forty-five years. Appellant's sole ground of error on appeal is:

> [T]he court's charge is fundamentally defective, under the evidence, because the court failed to charge the jury as to the implied element of murder, i.e., that the State must prove the appellant did not cause the death of Miguel Salazar Guzman under the influence of sudden passion arising from an adequate cause beyond a reasonable doubt to be entitled to a conviction for murder.

We hold that appellant's ground of error is without merit. The judgment of conviction is affirmed.

The trial court's charge to the jury did not include a charge on voluntary manslaughter. Appellant did not request such a charge, nor did he object to its omission. He argues to this Court that the evidence raised the issue of voluntary manslaughter and that even where the issue of voluntary manslaughter is not submitted to the jury, the charge, nevertheless, should be so worded as to require the State to prove beyond a reasonable doubt that the defendant was not acting under the immediate influence of sudden passion arising from an adequate cause. In support of his argument, Martinez relies on *Humphries v. State,* 615 S.W.2d 737 (Tex.Cr.App.1981); *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr.App.1978), and *Cobarrubio v. State,* No. 63801, Tex.Cr. App., January 12, 1983. Such reliance is misplaced.

Tex.Pen.Code Ann. § 19.02(a)(1) (1974) provides:

> (a) A person commits an offense if he:
> (1) intentionally or knowingly causes the death of an individual. . . .

Tex.Pen.Code Ann., § 19.04 (1974) (Voluntary Manslaughter) provides, in relevant part:

> (a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

In *Braudrick, supra,* the appellant was indicted for murder and convicted of voluntary manslaughter. The contention on appeal was that the evidence was insufficient to show voluntary manslaughter. Appellant argued that acting "under the influence of sudden passion arising from an adequate cause" is an element of voluntary manslaughter and that there was no evidence in the record which supported proof of that element. The Court of Criminal Appeals, in affirming the conviction, held that such fact (acting under the influence of sudden passion, etc.) is *not* an element of voluntary manslaughter, but instead in the nature of a defense to murder that reduces the offense to voluntary manslaughter; the Court further held that voluntary manslaughter is the same as murder "except that [the defendant] caused the death under the immediate influence of sudden passion arising from an adequate cause;" and that voluntary manslaughter is murder *plus* acting under the influence of sudden passion, etc. *Id.* at 710, quoting Tex.Pen.Code Sec. 19.04(a) (1974). *Braudrick* holds that:

the distinguishing feature [sudden passion, etc.] between murder and voluntary manslaughter is not a fact that must be proven beyond a reasonable doubt to establish voluntary manslaughter, nor is it [the distinguishing feature] a fact that must be disproven by the State to establish murder *in the absence of some evidence raising an issue as to that fact.* *Id.* at 711. (emphasis added)

In *Braudrick,* the defendant, as stated, was convicted of voluntary manslaughter under a murder indictment. The Court of Criminal Appeals noted that the implied element of murder (that the defendant was not acting under the immediate influence of sudden passion arising from an adequate cause) was not charged in the murder paragraph of the jury instruction, i.e., the State was not required to disprove the implied element beyond a reasonable doubt. The Court further held that said element *was* properly submitted in that part of the charge submitting voluntary manslaughter because the jury was instructed that if they found and believed from the evidence that the defendant, in killing the deceased, acted under the immediate influence of sudden passion arising from an adequate cause, or if the jury had a reasonable doubt as to whether the defendant, in killing the deceased, acted under such influence, the jury should find the defendant guilty of voluntary manslaughter. The Court said, at 711:

> The distinguishing feature between murder and voluntary manslaughter is not a fact that must be proven beyond a reasonable doubt to establish voluntary manslaughter, nor is it a fact that must be disproven by the State to establish murder in the absence of some evidence raising an issue as to that fact. If the issue is raised, *then it must be disproven to establish murder,* and a reasonable doubt on the issue requires acquittal on the murder charge and allows conviction only for voluntary manslaughter.

\* \* \* \* \* \*

We therefore hold that causing death 'under the immediate influence of sudden passion arising from an adequate cause' is

in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter, and that the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that *if raised by the evidence [the State] must prove the absence of such influence beyond a reasonable doubt to establish murder.*

(emphasis added)

■ Where, however, the defendant is indicted for and *convicted of murder* and the *issue is raised* as to whether the defendant, in killing the deceased, acted under the immediate influence of sudden passion arising from an adequate cause, and the court in its charge submits both murder and voluntary manslaughter, the burden of proving the lack of sudden passion must be placed on the prosecution and this burden must be placed in the paragraph of the charge applying the law of murder to the facts of the case. Failure to do so is reversible error. *Cobarrubio v. State, supra.* In *Cobarrubio* the Court of Criminal Appeals quoted with approval the language of *Braudrick* hereinabove set out.

*Humphries v. State, supra,* cited by appellant was an appeal from a conviction for voluntary manslaughter under a murder indictment. The appellant made the same argument as was made in *Braudrick, supra.* The Court of Criminal Appeals, in affirming the conviction, confirmed its holding in that case, citing at length therefrom.

In *Jenkins v. State,* Nos. 64000–64004, Tex.Cr.App., February 16, 1983 the defendant was convicted of murder. The trial court in the charge submitted both murder and voluntary manslaughter to the jury. The Court of Criminal Appeals held that is was fundamental error for the trial court, in submitting murder to the jury, to fail to place the burden on the State to prove the lack of sudden passion in the paragraph of the charge applying the law of murder to the facts of the case. The Court again said that such is required for a murder conviction *where the*

*issue of sudden passion is raised by the evidence.*

■ Based upon the decisions of the Court of Criminal Appeals, we hold that it is *only* where the indictment charges murder *and the issue is raised by the evidence* whether the defendant was acting under the immediate influence of sudden passion arising from an adequate cause, and the court in its charge submits *both* murder and voluntary manslaughter, that the court, in the paragraph applying the law of murder to the facts of the case, must require the State to prove the lack of sudden passion.

In this case appellant contends that where voluntary manslaughter is *not* submitted, and there is no request for such submission or objection for failure to submit such issue, the trial court, nevertheless, in applying the law of murder to the facts, must require the State to prove lack of sudden passion. None of the cases relied upon by appellant so hold.

■ In *Braudrick, supra* at 711, the Court held that acting "under the immediate influence of sudden passion arising from an adequate cause" is "in the *nature of a defense* to murder that reduces the offense to voluntary manslaughter." Failure to submit defensive issues is not fundamental error. *Garrett v. State,* 642 S.W.2d 779 (Tex.Cr.App.1982) (failure to apply law of parties to facts of case); *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980) (failure to charge on lesser included offense of criminal mischief); *Perez v. State,* 495 S.W.2d 242 (Tex.Cr.App.1973) (failure to submit entrapment or accomodation agent); *Martinez v. State,* 448 S.W.2d 488 (Tex.Cr.App.1970) (failure to submit self-defense); *Hanvy v. State,* 144 Tex.Cr.R. 351, 162 S.W.2d 721 (1942) (failure to submit defensive issue of purchase in theft case); *Renfro v. State,* 134 Tex.Cr.R. 93, 114 S.W.2d 262 (1938) (failure to charge alibi). This is not to say, of course, that if the issue was raised by the evidence and had the court submitted a charge on voluntary manslaughter, *Cobarrubio, supra* and *Jenkins, supra* should not be followed. Appellant does not complain on appeal that the court erred in failing to submit voluntary manslaughter to the jury. To require the State to disprove sudden passion where voluntary manslaughter is not requested or given would reach a ridiculous result—the jury would be left with only two alternatives—murder or not guilty.

■ Finally, having reviewed the record, we hold that the issue of sudden passion was not raised by the evidence. In his brief, appellant states:

> Without attempting to summarize the evidence of every witness the State's two accomplice witnesses, Ricardo and Alex Marez raised the issue of whether Appellant was acting under the influence of a sudden passion and if it arose from an adequate cause. Ricardo indicated that the incident leading to the death of Guzman began with a fight (R. III–367) at a dance, and escalated into shots being fired (R. III–378). Appellant apparently was cut in the hand during the fight (R. III–386).

> Alex Marez observed that Appellant was in a fight with the deceased, Guzman (R. III–438) who was swinging his arm at Appellant (R. III–439) and that Appellant indicated that Guzman had cut his (Appellant's) hand (R. III–446).

The appellant recited nothing more than that he and the deceased were fighting and that the deceased cut his hand. No issue of sudden passion is raised by the testimony upon which appellant relies; nor do we find such issue elsewhere in the record. *See, Daniels v. State,* 645 S.W.2d 459 (Tex.Cr.App.1983) and *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979).

Appellant's reliance on *Humphries v. State, supra* is misplaced. There the appellant was indicted for murder and convicted of voluntary manslaughter. On appeal, appellant complained that the trial court erred in submitting a charge on voluntary manslaughter. He advanced the same argument as was made in *Braudrick, supra.* In *Humphries,* the Court simply held that there was no error in submitting the issue over appellant's objection, pointing to evi-

dence that appellant stabbed the victim in the course of a heated argument.

■ Since the issue of sudden passion was not raised in the evidence we hold that the trial court was not required to charge the jury that the State must disprove such non-existent issue beyond a reasonable doubt.

The judgment of the trial court is affirmed.