**Lucille PETERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-82-01188-CR.**

Court of Appeals of Texas, Dallas.

Feb. 14, 1984.

Rehearing Denied March 8, 1984.

Jan E. Hemphill, Dallas, for appellant.

Henry Wade, Dist. Atty., Molly Meredith, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

Appellant was convicted of murder and sentenced to thirty years' imprisonment. The trial court charged the jury on the laws of murder, involuntary manslaughter, and criminally negligent homicide. Appellant contends that the State had the burden of negating the culpable mental states of "recklessness" and "criminal negligence" in its proof of the offense of murder and

that the court erred by not charging the jury accordingly. We disagree and affirm.

The indictment alleged appellant intentionally and knowingly caused the death of a named individual. The charge included, in the order listed, the following paragraphs:

1. the law of murder, in the abstract;
2. definitions of "intentionally" and "knowingly";
3. application of the law of murder to the facts;
4. the law of involuntary manslaughter, in the abstract;
5. application of the law of involuntary manslaughter to the facts;
6. the law of criminally negligent homicide, in the abstract; and
7. application of the law of criminally negligent homicide to the facts.

The Court of Criminal Appeals, in *Cobarrubio v. State*, No. 63,801, —— S.W.2d —— (Tex.Cr.App., January 12, 1983) (not yet reported) (rehearing granted), held that if, in a murder prosecution, the lesser included offense of voluntary manslaughter is raised, the paragraph applying the law of murder to the facts must include the State's burden of proving beyond a reasonable doubt that the defendant was not acting "under the immediate influence of sudden passion arising from adequate cause."[1] *See* TEX.PENAL CODE ANN. § 19.04 (Vernon 1974). The *Cobarrubio* court reasoned that omission of the sudden passion issue from the murder paragraph increases the likelihood that the jury will convict without considering the mitigating issue. In the present case, appellant argues, analogously, that failure to place the burden on the State in the murder paragraph to prove

---

1. The Court of Criminal Appeals cited the following as a proper charge:

Now, if you find from the evidence beyond a reasonable doubt that on or about the _____ day of _____, 19___ in _____ County, Texas, the defendant, AB, did intentionally or knowingly cause the death of an individual, *CD* by shooting him with a gun, and that the defendant, *in so acting, was not acting under the immediate influence of sudden passion arising from an*

adequate cause, *then* you will find the defendant guilty of murder, as charged in the indictment.

P. McClung, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE 47 (1981) (emphasis added). In *Jenkins v. State*, Nos. 64,000–64,004, —— S.W.2d —— (Tex.Cr.App. February 16, 1983) (not yet reported) (rehearing granted) the court held that failure to so charge was fundamental error.

absence of recklessness and absence of criminal negligence invites the jury to convict for murder without considering the two lesser included offenses charged.

 In *Cobarrubio,* the charge was erroneous only because the State must, to convict of murder in a case in which an issue of "sudden passion" is raised, prove the absence of sudden passion beyond a reasonable doubt. *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr.App.1978). If raised, the absence of sudden passion becomes an implied element of the offense of murder. *Braudrick,* 572 S.W.2d at 710. Thus, failure to include the sudden passion issue in the murder paragraph has the effect of authorizing conviction with proof of less than all the elements of murder, violating the due process mandate that the State prove beyond a reasonable doubt "the existence of every fact necessary to constitute the crime charged." *In re Winship,* 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). *See also Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Involuntary manslaughter and criminally negligent homicide are distinguishable from murder, generally, because each has a different culpable mental state. Voluntary manslaughter is akin to murder because the elements of the offense are identical—including the culpable mental state—except for the presence of "sudden passion" in voluntary manslaughter. "Sudden passion" is not a culpable mental state.

Because sudden passion, when raised by the evidence, is an implied element of murder, it must be included in those portions of the charge that define and apply the murder law. To define "recklessness" and "criminal negligence" in the murder law serves no useful purpose, and would, in our view, tend to confuse the jury.

Since the danger present in *Cobarrubio* —that the jury might convict of murder without considering an element of murder—is not present in the instant case, we overrule appellant's ground of error.

Affirmed.