Mike BAZAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-83-00181-CR.

Court of Appeals of Texas,
San Antonio.

Aug. 29, 1984.

Rehearing Denied Oct. 5, 1984.

Peter Torres, Jr., San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Edwin Springer, Edward Coffey, Edward F. Shaughnessy, III, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTY and TIJERINA, JJ.

OPINION

CADENA, Chief Justice.

A jury, after finding appellant guilty of murder, set his punishment at ten years' imprisonment.

The court's charge defined murder and correctly charged the jury on the question of self-defense. The charge made no reference to manslaughter or any other lesser and included offense. Appellant did not object to the charge, nor does he here complain that the defensive theory of self-defense was not properly submitted to the jury. He did not request a charge on voluntary manslaughter.

Appellant contends that the court's charge was erroneous because it failed to instruct the jury that they could find him guilty of murder only if they found, beyond a reasonable doubt, that he was not acting under the influence of sudden passion.

Where the indictment charges murder, the court is not required to instruct the jury that defendant may be found guilty of murder only if the State proves the absence of sudden passion unless the evidence raises the issue of sudden passion and the court charges the jury on both murder and voluntary manslaughter. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex. Crim.App.—1983, rehearing pending); *Martinez v. State*, 664 S.W.2d 822 (Tex. App.—Austin 1984, no pet.). A court is not required, in a murder case, to charge on voluntary manslaughter unless the issue of sudden passion is raised by the evidence.

As will appear from our discussion of the evidence, the evidence raises no issue as to sudden passion. Under such circumstances, appellant was not entitled to a charge

on voluntary manslaughter. *Daniels v. State*, 645 S.W.2d 459 (Tex.Crim.App.1983).

The evidence shows that decedent hit appellant in the face about thirty minutes before the killing. Appellant drove away from the scene and returned some time later. Alma Gonzalez testified that when appellant returned to the scene with a pistol he pointed it at her before he looked through the window of decedent's apartment and entered the apartment. Gabriel Lopez testified that he heard three gunshots about five seconds after appellant entered the apartment. Gonzalez testified that she heard three shots and, on entering the apartment, she saw decedent dead on the floor.

No one saw the shooting. When the witnesses entered the apartment and found decedent lying in a pool of blood on the floor, neither appellant nor any other person was in the apartment. Although the back door of the apartment was open, no one saw anybody leave the apartment. There is no evidence that any person, other than appellant, had entered decedent's apartment prior to the shooting. Appellant did not testify at trial.

This evidence, if believed by the jury, was clearly sufficient to exclude every reasonable hypothesis other than that of appellant's guilt.

There was no error in the court's charge and the evidence is sufficient to support the jury's finding of guilt. Appellant suggests no reason for reversing the conviction.

The conviction of the trial court is affirmed.