**Kenneth Wilson
HARDAWAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–84–00093–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 23, 1985.

Charles D. Butts, San Antonio, for appellant.

Sam Millsap, Jr., Thomas Maspero, Beth Taylor, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., DIAL, J., and T. GILBERT SHARPE, Assigned Justice.

## OPINION

T. GILBERT SHARPE, Assigned Justice.*

This appeal is from a judgment rendered after jury trial convicting appellant of voluntary manslaughter and imposing sentence of confinement for a period of eleven (11) years.

Appellant asserts six grounds of error. We sustain his grounds of error three, four and five, which requires that the case be reversed and remanded for new trial.

At the outset it may be well to state that much of the confusion surrounding the trial of this case was caused by the decisions of the Texas Court of Criminal Appeals in the cases of *Paige v. State*, 573 S.W.2d 16 (Tex.Crim.App.1978) and *Braudrick v. State*, 572 S.W.2d 709 (Tex.Crim.App.1978). It now appears, hopefully, that such confusion has been largely, if not completely, eliminated by the decision of the Court of Criminal Appeals in *Bradley v. State*, 688

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

S.W.2d 847 (Tex.Crim.App.1985), decided some twenty days after the instant case was submitted.

Appellant's brief sets out the background of this case substantially as follows: Appellant originally was indicted for the offense of murder (non-capital) because of the shooting death of Norris J. Austin. On that indictment he was found guilty of voluntary manslaughter in the 289th District Court. However, appellant was granted a new trial, for reasons not related to the instant appeal. The case was then transferred to the 187th District Court. Appellant asserts that the State and counsel for appellant agreed that appellant had been placed in former jeopardy as to the offense of murder, but he remained indicted for such offense. Appellant's motion to quash the original indictment was granted and he was then indicted specifically for the offense of voluntary manslaughter.

■ Appellant filed a typewritten motion to quash the latest indictment on December 5, 1983, which was overruled on the same date. That motion did not mention any prior proceedings. On the same date appellant filed a longhand unsworn motion designated as "Defendant's Motion to Quash Indictment and Prior Jeopardy," which also was overruled. The latter motion contained among other things an allegation that appellant had been acquitted by virtue of a prior ruling of the court quashing a heretofore filed indictment for murder.

The principal difficulty we face in passing on appellant's grounds one and two is that the record does not support his recitation of prior proceedings. Appellant's first motion to quash does not contain any reference to any prior proceedings. His second (longhand) motion, which includes an allegation of double jeopardy, does not identify such prior proceedings, nor does evidence of same otherwise appear in the record. The second motion is not verified as required by TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1974).

The indictment is not invalid on its face.

Under these conditions we cannot hold that reversible error is presented by appellant's grounds one and two, and they are accordingly overruled.

■ Under his grounds of error three, four and five appellant complains of the overruling of his objections to Paragraph IV of the court's charge. Grounds numbers four and five are asserted in order to avoid a claim of multifariousness, but appellant's argument is the same as under his ground of error three.

The three sub-paragraphs of Paragraph IV read as follows:

## IV.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, A.D., 1981, in Bexar County, Texas, the defendant, Kenneth Wilson Hardaway, did intentionally or knowingly cause the death of an individual, namely Norris J. Austin, by shooting him with a gun, and you further find from the evidence beyond a reasonable doubt, that the defendant acted under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter. If you do not so find, or if you have a reasonable doubt thereof, you will acquit the defendant of voluntary manslaughter, except as set forth in the following paragraph, and next consider whether he is guilty of aggravated assault.

The offense of voluntary manslaughter is committed whenever an individual intentionally or knowingly causes the death of another individual, without legal justification or excuse. The immediate influence of a sudden passion arising from an adequate cause reduces to voluntary manslaughter what would otherwise be a higher level offense, but it is not justification or excuse for killing. It is therefore, not essential that there be proof beyond a reasonable doubt that the accused acted in the heat of sudden passion arising from an adequate cause.

Therefore, if you find from the evidence beyond a reasonable doubt that Kenneth Wilson Hardaway did intentionally or knowingly cause the death of Norris J. Austin by shooting him with a gun on or about the 7th day of March, A.D., 1981, in Bexar County, Texas, and that such causing of the death of Norris J. Austin was without legal justification or excuse, and was not in self-defense, then you should find the defendant guilty of voluntary manslaughter. If you have a reasonable doubt as to whether Kenneth Wilson Hardaway intentionally or knowingly caused the death of Norris J. Austin, in Bexar County, Texas, on or about the 7th day of March, A.D., 1981, you will acquit the defendant of voluntary manslaughter and next consider whether he is guilty of aggravated assault.

It is apparent that the court charged the jury in Paragraph IV, sub-paragraph one, that if appellant did intentionally or knowingly cause the death of Norris J. Austin, by shooting him with a gun, and further found from the evidence beyond a reasonable doubt, that the defendant acted under the influence of sudden passion arising from an adequate cause, then the jury would find the defendant guilty of voluntary manslaughter, etc ..., but in the second sub-paragraph of Paragraph IV told the jury in part "It is therefore, not essential that there be proof beyond a reasonable doubt that the accused acted in the heat of passion arising from an adequate cause." These instructions present a direct conflict.

It also appears that in Paragraph II of the court's charge the jury was instructed "Our law provides that a person commits the offense of voluntary manslaughter if he intentionally or knowingly causes the death of an individual under the immediate influence of sudden passion arising from an adequate cause."

Additionally, there are other apparent conflicts in the court's charge, primarily because of the efforts of the trial judge and counsel to ascertain and apply the law

as it then existed, prior to the decision in *Bradley, supra.*

Appellant's grounds of error three, four and five are sustained.

■ Under ground of error six, appellant complains of the refusal of the trial court to advise the jury as to the range of punishment for aggravated assault.

During the jury deliberations on the first phase of the trial, a note was sent to the judge inquiring as to the range or type of punishment for aggravated assault, (on which instructions had been given as a lesser included offense). The trial judge answered the note by referring the jury to the top paragraph on the last page of the court's charge, which instructed the jury to determine the guilt or lack of guilt of the defendant at that time and to restrict their deliberations solely to that issue.

There was no objection to the instruction given, and in any event, it was proper. Appellant's ground of error six is overruled.

We believe that the decision of the Court of Criminal Appeals in *Bradley, supra,* will be of much assistance on the new trial and disposition of this case.

The judgment of the trial court will be reversed and the cause remanded for new trial.

DIAL, Justice, dissenting.

I agree with the majority opinion in all respects except the sustaining of grounds of error three, four and five.

The murder/voluntary manslaughter dichotomy is a unique situation in Texas jurisprudence. As pointed out in Judge Clinton's opinion in *Bradley v. State,* 688 S.W.2d 847 (Tex.Crim.App.1985) it is the only offense where if the evidence raises a particular issue (sudden passion), that has the effect of making voluntary manslaughter a lesser included offense to murder. The absence of evidence raising the issue of sudden passion prevents voluntary manslaughter from being treated as a lesser included offense. Because of the unique-

ness of this situation not all general rules of law apply. It must be accorded special treatment.

A careful reading of Judge Clinton's opinion in *Bradley* reveals that he only criticizes the opinion in *Braudrick v. State,* 572 S.W.2d 709 (Tex.Crim.App.1978) for stating that voluntary manslaughter is always a lesser included offense to murder. He goes on to explain, as stated above, that the lesser included treatment is only utilized in special evidentiary situations. That question along with the factual sufficiency of the evidence in *Bradley* were the only two questions addressed in Judge Clinton's opinion. The issue in our present case is neither of the above. Rather, it is the placing of the burden of proof on the issue of sudden passion in a charge involving voluntary manslaughter.

If we look at the court's charge in our present case we see that the trial judge first applied the facts of the case to the indictment and the statutory definition of voluntary manslaughter in its entirety. This was precisely what the law required the judge to do. It did not harm the accused, and he did not object to that language.

The trial judge then added a paragraph which said that the State did not have the burden of proof on the issue of sudden passion. This too is well established Texas law. *Jefcoat v. State,* 644 S.W.2d 719, 724 (Tex.Crim.App.1982); *Humphries v. State,* 615 S.W.2d 737, 738 (Tex.Crim.App.1981); *Braudrick, supra; Paige v. State,* 573 S.W.2d 16, 18 (Tex.Crim.App.1978). *Bradley* in no way changed this specific rule of Texas law.

The accused objected, claiming that this relieved the State of proving an element alleged in the indictment and shifting the burden of proving it to the defense.

Granted, one paragraph of the charge has the appearance of placing the burden of proof of sudden passion on the State and in a second paragraph relieving the State from that particular burden. A careful analysis will reveal that this is probably the only course that the trial judge could fol-

low, and furthermore, it is in no way harmful to the defendant. TEX.CODE CRIM. PROC.ANN. art. 36.19 (Vernon 1966). If the jury believed beyond a reasonable doubt that all of the elements in the statutory definition of voluntary manslaughter were present in the case, they should find the defendant guilty of that offense. This is so regardless of which side has the burden of establishing the evidence that the jury has found to be true beyond a reasonable doubt. We should note that the charge does not tell the jury to find the defendant guilty of voluntary manslaughter even if they believed that sudden passion was not proved. The charge merely says that the State does not have the burden of proving that particular issue.

It is important that we reaffirm clearly that the State does not have the burden of establishing the issue of sudden passion in a trial on the offense of voluntary manslaughter. This is an exception to the general rule that the State must prove all allegations in the indictment. To hold otherwise would result in an untenable situation in a trial based on an indictment alleging only murder, which is invariably the case. The result would be requiring the State to assume the burden of proving the absence of sudden passion as they attempt to obtain a conviction for the offense of murder, and then having them assume the burden of proving sudden passion in order to establish the lesser included offense of voluntary manslaughter. The conflict in this situation is obvious.

If this case were reversed we could not instruct the trial court to charge the next jury other than as the judge did in the present case.

Situations where the trial is on an indictment for voluntary manslaughter are rare. The typical trial in which voluntary manslaughter is considered by the jury is a trial where there is an indictment for murder, and voluntary manslaughter merely comes into the case as the evidence unfolds raising the issue of sudden passion. We sim-

ply cannot let the law degenerate in this area and require the State to prove and disprove the same issue.

Another reason why it would be inappropriate to place the burden of proving the presence of sudden passion on the State would be demonstrated in a subsequent trial in this case. Having the legal bar to a conviction for murder, the defendant could with impunity take the witness stand and admit under oath that he committed an intentional homicide of the cold-blooded premeditated type. By convincing the jury that he had committed a murder it would result in acquitting him of what would otherwise be the lesser included offense of voluntary manslaughter.

In summary, the law imposes on the State the burden of establishing the absence of sudden passion when they are seeking to obtain a conviction for murder. If the issue of sudden passion is raised, the State's burden is to show its absence; the State's burden is not to show its presence. When the issue is raised the court must charge on voluntary manslaughter. It is appropriate for the court to tell the jury that the State does not have the burden of establishing the presence of sudden passion on either murder or voluntary manslaughter.

This case is important because it will be one of the few opinions written where voluntary manslaughter is the primary offense in the trial rather than a lesser included offense derived from an indictment for murder.

Furthermore, *Bradley* stands for nothing more than the judgment of the court. The opinion of Judge Clinton, though scholarly, was joined by three other judges at the most. Two judges dissented, and three judges concurred in the result only. *Off v. U.S.*, 35 F.2d 222, 226 (S.D.Ill.1929); 21 C.J.S., *Courts* § 189 (1940). *Braudrick* is still the law in Texas.

The judgment of conviction should be affirmed.