Affirmed and Memorandum Opinion filed June 16, 2009








Affirmed and Memorandum Opinion filed June 16, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00544-CR

____________

 

JIMMY RAY WALLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1143605

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jimmy Ray Waller, appeals from his conviction
for the felony offense of felon in possession of a firearm.  A jury found
appellant guilty and assessed his punishment at 33 years= imprisonment.  In
a single issue on appeal, appellant contends that the trial court erred in
denying his motion to suppress evidence.  We affirm.

Discussion








Prior to trial, appellant filed a motion to suppress
evidence, namely the firearm, live rounds, and magazine allegedly discovered on
his person.  In the motion, appellant argued that police officers arrested him
and searched him without a warrant or probable cause and that the evidence in question
was thereby obtained in violation of his constitutional and statutory rights. 
The trial court did not rule on the motion prior to trial, and no hearing was
ever held on the motion.  When the evidence in question was offered during
trial, as exhibits 3, 4, and 5, defense counsel initially stated ANo objection, Your
Honor.@  The trial court
then said AState=s 3, 4, and 5 will be admitted without
objection.@  Defense counsel then asked to approach the bench, an
off-record bench conference then apparently ensued, and defense counsel
thereafter stated on the record: AI want to make an
objection now.  I said no objection, but I do want to change my objection right
now. . . .  So it=s improper, Judge.@  The trial judge
overruled the objection and admitted the exhibits.

After the State rested its case, appellant stated as
follows:

Your Honor, I make a Motion For
Instructed Verdict.  I don=t think the evidence will support, the
State has proved its case, proven each and every element of the indictment
beyond a reasonable doubt, Your Honor.  I think the evidence is insufficient to
support a conviction.  I think that the State has failed to prove that there
was probable cause to arrest Mr. Waller, and ask that beCan instructed
verdict on this case.  [sic]

In order to preserve error for appellate review, a party
must make a timely and sufficiently explicit request, objection, or motion in
the trial court and receive a ruling on the request, objection or motion or
object to the court=s failure to rule.  Tex. R. App. P.
33.1(a).  To be effective in preserving error, the trial objection must comport
with the appellate argument.  Resendiz v. State, 112 S.W.3d 541, 547
(Tex. Crim. App. 2003).








Appellant does not cite any place in the record, and we
have not found one, where the trial court ruled on the motion to suppress.  See
Thomas v. State, 884 S.W.2d 215, 215-17 (Tex. App.CEl Paso 1994, pet.
ref=d) (holding that
merely filing a motion to suppress did not preserve error and subsequent
failure to timely object to admission of evidence waived any alleged error). 
Appellant=s trial objection to the admission of the firearm,
live rounds, and magazine into evidence, i.e., Ait=s improper,@ was too general
to preserve any particular argument.  See Buchanan v. State, 207 S.W.3d
772, 775 (Tex. Crim. App. 2006) (AIt is well
established that, in order to preserve an issue for appeal, a timely objection
must be made that states the specific ground of objection, if the specific
ground was not apparent from the context.@); Paige v.
State, 573 S.W.2d 16, 19 (Tex. Crim. App. 1978) (holding objection that
proper predicate was not laid was too general to preserve error).  Lastly, to
the extent appellant=s statement in making a motion for
instructed verdictCthat the State failed to show probable
cause for the arrestCcould be interpreted as an objection to
the admission of the evidence, such objection was untimely, coming well after
the evidence was admitted.  See Martin v. State, 246 S.W.3d 246, 258
(Tex. App.CHouston [14th Dist.] 2007, no pet.) (stating that
objection to evidence must be made at the Aearliest possible
opportunity@).  Accordingly, appellant failed to preserve his appellate
complaint.  We therefore overrule appellant=s sole issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).