Revised April 16, 1999

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10551

RICHARD MICHAEL MAYABB,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department
of Criminal Justice, Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

March 12, 1999

Before REYNALDO G. GARZA, STEWART, and PARKER Circuit Judges.

CARL E. STEWART, Circuit Judge:

Richard Michael Mayabb appeals the dismissal of his petition for habeas relief. Mayabb raises

four issues: (1) erroneous jury instructions on the charge of murder; (2) ineffective assistance of

counsel during the trial and subsequent appeal of his conviction; (3) exclusion of polygraph evidence;

and (4) retroactive application of an amendment to Texas's parole laws. For the reasons assigned,

we AFFIRM.

Facts

Richard Michael Mayabb was convicted of murder by a Texas jury in June 1980.[1] As Mayabb was parking his car in a restaurant parking lot, he nearly hit Kelvin Franks's car. Franks and Mayabb began shouting at each other. Franks exited his car, carrying a beer bottle in his hand behind his back. Franks was taller and heavier than Mayabb. Mayabb testified that he took off his glasses because he believed that Franks was going to attack him and that without his glasses he is legally blind. Mayabb testified that his wife said that Franks had a gun in his hand. Franks threatened Mayabb. When Franks made a gesture which Mayabb believed indicated that Franks was pulling a gun, Mayabb shot him. Mayabb testified that he fired in self-defense because he believed that Franks had a gun and that his wife was in danger.

Mayabb was charged with murder. The trial court instructed the jury on the murder charge and on the lesser-included-offense of voluntary manslaughter, which included the definition of "sudden passion," without objection from either Mayabb or the State, and on self-defense.[2] The jury found Mayabb guilty of murder. The trial court sentenced Mayabb to serve 90 years in prison and found that Mayabb used a deadly weapon during the commission of the offense.

Among other issues, Mayabb argued on direct appeal that the trial court erred in rejecting the language of his proposed self-defense jury instructions. On February 28, 1983, Mayabb's conviction

---

[1]Mayabb is currently incarcerated in Little Rock, Arkansas.

[2]At the time of the offense, voluntary manslaughter was a lesser-included offense of murder. Tex. Penal Code §§ 19.02, 19.04 (West 1979); see Fransaw v. Lynaugh, 810 F.2d 518, 520 (5th Cir. 1987). Today, voluntary manslaughter is no longer recognized as a separate offense under Texas law, but is merely an issue to be considered at the punishment phase in a murder trial. Tex. Penal Code §§ 19.02(d) (West Supp. 1998).

and sentence were affirmed on direct appeal. Subsequently, the Texas Court of Criminal Appeals denied his petition for discretionary review on July 13, 1983.

In his first application for state post-conviction relief, Mayabb alleged that the trial court committed fundamental error: (1) by failing to include in the jury charge on murder that the State had the burden of proving that Mayabb was not acting under the influence of sudden passion at the time of the killing; (2) by declining to find ineffective assistance of trial and appellate counsel for failing to raise the jury charge issue; and (3) by failing to deem ineffective his trial counsel's failure to raise a Texas state law claim pertaining to the admission of polygraph test results. According to Mayabb, the trial court misinterpreted Mayabb's jury-charge claim as rearguing his claim regarding the self-defense instructions, which he had raised on direct appeal. Similarly, Mayabb contends the trial court concluded that counsel was not ineffective. Mayabb's application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing.

In his second state application, Mayabb asserted that he was entitled to retroactive application of new legislation which decreased the time he must serve before becoming eligible for parole. The Texas Court of Criminal Appeals denied this application without written order on the findings of the trial court without a hearing. The United States Supreme Court denied Mayabb's petition for writ of certiorari. Mayabb v. Texas, 510 U.S. 1060 (1994).

On April 12, 1995, Mayabb filed a petition for writ of habeas corpus, 28 U.S.C. § 2254. Therein, he alleged that the jury charge on murder which omitted the State's burden of proving that Mayabb was not acting under the influence of sudden passion was fundamentally and constitutional defective. Mayabb further complained that he was denied effective assistance of trial and appellate

3

counsel related to the charge and that Texas law denied him the right to introduce the results of a polygraph test. Furthermore, Mayabb argued that he was denied due process and equal protection by the State's failure to apply retroactively 1987 amendments to Texas parole eligibility statutes.[3] Following an evidentiary hearing and several reports and recommendations by the magistrate judge, and after considering Mayabb's and Respondent's objections, the district court denied Mayabb § 2254 relief and dismissed his petition with prejudice.

On May 27, 1997, Mayabb filed a timely notice of appeal and requested a certificate of appealability (COA). Id. at 316, 317-30. The district court granted a COA "with respect to the murder instruction contained in the jury charge and standard of review of jury charge error in a habeas case." Id. at 331.

Mayabb requested leave from this court to expand the issues for appeal. Because Mayabb's petition was filed prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), this court determined that pre-AEDPA habeas law should be applied to his claims.[4] Id. Because the district court's grant of a COA was the substantive equivalent of a CPC,[5] this court determined that Mayabb's appeal was not limited to the issue which the district court determined to warrant a COA. Id.

---

[3]Mayabb also alleged that he had been subjected to an illegal search and detention following a warrantless arrest. He does not raise this issue on appeal; thus it is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

[4]Previously, this court had held that the AEDPA applied to all habeas petitions that were pending on April 24, 1996. See Drinkard v. Johnson, 97 F.3d 751, 764-66 (5th Cir. 1996). This aspect of Drinkard was overruled by the Supreme Court in Lindh v. Murphy, 117 S. Ct. 2059 (1997). See Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).

[5]See Blankenship v. Johnson, 118 F.3d 312, 315 & n.2 (5th Cir. 1997).

Discussion

I.      Jury Instructions on the Charge of Murder

A.

Mayabb argues that the jury instruction on the murder charge did not include every element

of the offense and was in violation of his due-process right to be convicted on proof beyond a

reasonable doubt of every element of the offense and that the erroneous instruction infected the entire

trial.[6]

---

[6]The challenged jury charge instructed the jury that if it found beyond a reasonable doubt that
Mayabb:

> intentionally or knowingly cause[d] the death of Kelvin Franks, an
> individual, by shooting Kelvin Franks with a handgun, a deadly
> weapon, you will find the Defendant guilty of the offense of murder.
>
> If you do not so believe, or if you have a reasonable doubt
> thereof, you will find the Defendant not guilty of the offense of
> murder and proceed to consider whether the Defendant is guilty of the
> lesser included offense of voluntary manslaughter.
>
> Therefore, if you believe from the evidence beyond a
> reasonable doubt that the Defendant, Richard Michael Mayabb, did,
> in Dallas County, Texas, on or about the 6th day of January, 1980,
> knowingly or intentionally cause the death of Kelvin Franks, an
> individual, by shooting Kelvin Franks with a handgun, a deadly
> weapon, but you further believe, or you have a reasonable doubt
> thereof, that the Defendant caused the death under the immediate
> influence of sudden passion arising from an adequate cause, you will
> find the Defendant guilty of voluntary manslaughter.
>
> If you do not so believe, or if you have a reasonable doubt
> thereof, that the Defendant knowingly or intentionally caused the
> death of Kelvin Franks, an individual, by shooting Kelvin Franks with
> a handgun, a deadly weapon, you will find the Defendant not guilty.
>
> If you find from the evidence beyond a reasonable doubt that
> the defendant is guilty of either murder or voluntary manslaughter, but
> you have a reasonable doubt as to which he is guilty, then you should

Under Texas law at the time of the offense, if the evidence raised the issue of sudden passion, the State was required to disprove beyond a reasonable doubt the existence of sudden passion. Braudrick v. State, 572 S.W.2d 709, 711 (Tex. Crim. App. 1978); see Bradley v. State, 688 S.W.2d 847, 851 (Tex. Crim. App. 1985). In such cases, if the State proves all of the elements of murder but fails to prove the absence of sudden passion beyond a reasonable doubt, the jury must acquit the

resolve the doubt in defendant's favor and find him guilty of voluntary manslaughter.

If you have a reasonable doubt as to whether the defendant is guilty of both murder and voluntary manslaughter, then you will find the defendant "not guilty."

Mayabb v. State of Texas, No. 05-83-00006-CR, Charge to the Court, 1 State Record 67-68 (June 10, 1981).

6

defendant of murder and convict the defendant of voluntary manslaughter.[7] Braudrick, 572 S.W.2d at 711.

The jury charge on murder was erroneous under Texas law because it did not place the burden on the State to disprove that Mayabb caused the victim's death under the immediate influence of sudden passion arising from adequate cause. See Cobarrubio v. State, 675 S.W.2d 749, 751 (Tex. Crim. App. 1984), overruled on other grounds by Lawrence v. State, 700 S.W.2d 208, 213 (Tex. Crim. App. 1985). Because sudden passion is "in the nature of a defense to murder," a defendant's failure to raise that defense obviates the state's duty to disprove the influence of sudden passion beyond a reasonable doubt. Id. In addition, an improper jury instruction rarely justifies federal habeas relief absent a proper objection in the trial court. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). A petitioner must show that the erroneous instruction by itself so infected the entire trial that

---

[7]The voluntary manslaughter statute in Texas applicable at the time of the offense provided in relevant part:

> (a) A person commits an offense [of voluntary manslaughter] if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

> (b) "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

> (c) "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

Tex. Penal Code Ann. § 19.04 (Vernon 1974); see Mahavier v. State, 644 S.W.2d 129, 130 (Tex. Crim. App. 1982).

7

the resulting conviction violates due process.  Id. (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

B.

Brecht v. Abrahamson, 507 U.S. 619 (1993) articulates the appropriate standard for determining whether a constitutional error was harmless in a federal habeas challenge to a state conviction or sentence even though no state court ever made any determination whether or not the error was harmless.[8]  In Brecht, the Supreme Court held that a federal habeas court may not grant relief on trial errors unless the petitioner demonstrates that the error "had a substantial and injurious effect or influence in determining the jury's verdict."  Brecht, 507 U.S. at 637-38.  This court has interpreted this standard in the following manner:

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict.  It must have had a substantial effect or influence in determining the verdict.  We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996) (citation omitted).

_____

[8]Mayabb argues that the "harmless beyond a reasonable doubt" standard of Chapman v. California, 386 U.S. 18, 24 (1967) is the appropriate standard of review for determining harmlessness in his case, rather than the more lenient standard set forth in Brecht, because no Texas court has ever reviewed this claim under the Chapman standard.  He concedes, however, that this issue was recently rejected, in an alternative holding, by another panel of this court in Hogue v. Johnson, 131 F.3d 466 (5th Cir. 1997), cert. denied, 118 S. Ct. 1297 (1998).  Hogue addressed a § 2254 petitioner's challenge to the admission in evidence at the punishment phase of his capital murder trial of an earlier guilty-plea rape conviction, which had been set aside because counsel had provided constitutionally ineffective assistance.  See 131 F.3d at 469.  The court found that the petitioner's claim was procedurally barred and, alternatively, applying the Brecht standard, concluded the admission of the prior conviction did not substantially influence the jury's determination of the sentence.  Id.  Mayabb raises the issue to preserve it for further review.

8

Similarly, in California v. Roy, 117 S. Ct. 337, 339 (1996), the Supreme Court addressed the appropriate standard to review an error in instruction that defined the crime. The Ninth Circuit had crafted a hybrid harmless-error standard. Id. at 338. The Supreme Court held that "harmless error" enunciated in Brecht and O'Neal v. McAninch, 513 U.S. 432 (1995), was the proper standard to review jury instructions. Id. Upon application, when a federal judge in a habeas proceeding is in grave doubt about whether trial error of federal constitutional law had substantial and injurious effect or influence in determining jury's verdict, that error is not harmless, and petitioner must win. O'Neal, 513 U.S. at 436 (1995).

C.

According to Mayabb, the district court erred by: (1) characterizing sudden passion as a defense rather than an element of murder which the State must disprove when raised by the evidence and; (2) failing to credit the state trial court's implicit finding of sufficient evidence of sudden passion to support a voluntary-manslaughter charge. Mayabb finds ample evidence of sudden passion in the record. He contends that he was prejudiced by the jury instruction which did not require the State to prove all of the necessary elements of the offense beyond a reasonable doubt. Mayabb contends that the evidence supported a sudden-passion instruction in the murder charge, and that he did not abandon or concede the sudden passion element by pursuing a defensive theory of self-defense. Mayabb asserts that his self-defense theory did not relieve the State of its burden of disproving sudden passion once the trial court found that the evidence raised the issue.

We disagree. Our review of the record leads us to affirm the judgment of the district court. The charge did not have a substantial and injurious effect or influence in determining the jury's verdict and Mayabb cannot demonstrate actual prejudice. Contrary to Mayabb's complaint, the defective jury

9

instruction did not excuse the State from proving an essential element of the offense nor, by extension, did it preclude the jury from finding the same. Instead, the defective jury instruction removed the State's obligation to refute a defense of sudden passion. This issue is moot however because the record reveals Mayabb's failure to raise the defense at trial.[9] In accord with the district court, we find that the absence of sudden passion must be proved only in response to a defense raised by the evidence. See Cobarrubio, 675 S.W.2d at 751 (Tex. Crim. App. 1983); Braudrick v. State, 572 S.W.2d 709, 711 (Tex. Crim. App. 1978) cert. denied, 440 U.S. 923 (1979).

We are unable to find that the error in the jury charge had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht, 507 U.S. at 638. Accordingly, we affirm the judgment of the district court.

II. Ineffective Assistance of Counsel

Mayabb challenges the effectiveness of his counsel's performance at trial and on appeal. During the trial phase, Mayabb deems ineffective his counsel's failure to object to the omission of the sudden passion element from the murder instruction. With regard to his appeal, Mayabb complains that his counsel failed to raise or argue an issue relating to the trial court's omission of the sudden passion element from the murder charge in the direct appeal or by petitioning for discretionary review in Mayabb's case.

---

[9]In closing, Mayabb's counsel informed the jury:

We have admitted from the beginning of this trial that Mike Mayabb did, in fact, knowingly and intentionally shoot the man with a pistol. That is not the issue in this case. It never has been the issue in this case. The issue in this case is whether or not when he did, he was acting in his own defense, self defense. That is the issue.

10

To prevail on an ineffective assistance of counsel claim, petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the petitioner must show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688. To determine whether counsel's deficient performance prejudiced the defense, petitioner "must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 365, 369, 113 S. Ct. 838, 842 (1993) (internal quotations and citation omitted).

After a complete review of the record, we find no merit in Mayabb's claim that his counsel was ineffective at trial or on appeal. At trial, counsel argued self-defense, a sound strategy given the facts of this case. We accord highly deferential treatment to counsel's conduct and decline to embrace the distorting effect of hindsight. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. We agree with the district court and the magistrate judge. Even though well-settled Texas law at the time of Mayabb's trial required the State to prove the absence of sudden passion to establish murder, the constitutional validity of the murder instruction was never called into doubt until Cobarrubio was decided on January 12, 1983. See Braudrick, 572 S.W.2d at 711 (upholding a jury charge virtually identical to the one given at Mayabb's trial). Consequently, we do not find that counsel's performance fell below an objectively reasonable standard. Additionally, we have already determined that the failure to include the instruction in the jury charge did not have a substantial and injurious effect or influence in determining the jury's verdict. Accordingly, Mayabb cannot show any prejudice attendant to counsel's conduct.

11

In like manner, we reject Mayabb's claim of ineffective assistance of counsel on appeal. Again, Mayabb focuses on trial counsel's failure to raise or argue the issue of sudden passion. When we do not find prejudice from the trial error, by extension, we cannot find prejudice from an appellate error predicated on the same issue. See Ricalday v. Procunier, 736 F.2d 203, 208 (5th Cir. 1984); see also, Goodwin v. Johnson, 132 F.3d 162, 172 (5th Cir. 1998).

Overall, we look to the fundamental fairness of the proceeding and whether Mayabb's conviction is unreliable because of a breakdown in the adversarial process. See Strickland, 466 U.S. at 696. The reco rd before us does not support this conclusion; therefore, we find no violation of Mayabb's sixth amendment right to counsel. As the district court below found, nothing in the record supports Mayabb's hypothesis that the outcome of this case would have been different had the issue of sudden passio n been placed in the murder paragraph instead of the voluntary manslaughter paragraph.

III.    Exclusion of Polygraph Evidence

In United States v. Scheffer, 118 S. Ct. 1261, 1264-65 (1998), the Supreme Court upheld the automatic exclusion of polygraph evidence in military courts, finding no violation of the defendant's right to present a defense. Following Scheffer, this court recently held that a Texas court's exclusion of polygraph evidence based on state law did not violate the § 2254 petitioner's federal constitutional rights. Castillo v. Johnson, 141 F.3d 218, 222 (5th Cir. 1998) ("Castillo's claim challenging the exclusion of evidence based o n state law thus does not afford a basis for federal habeas corpus relief.").

In his original brief, Mayabb argues that the Texas per se exclusion of polygraph evidence violated his right under the sixth amendment to present his defense. In his reply brief, however,

Mayabb concedes this issue in light of the Supreme Court's opinion in Scheffer. Accordingly, there is no basis for relief.

IV.     Retroactive Application of Texas's Parole Laws

Mayabb contends that he is entitled to retroactive application of an amendment to Texas's parole laws decreasing the time a prisoner must serve before becoming eligible for parole. He asserts that under a 1987 amendment of the parole law, he would be eligible for parole after serving one-fourth of his sentence, rather than one-third of his sentence. Mayabb contends that the failure to apply the amendment retroactively violates the Equal Protection Clause.

Mayabb was convicted of murder under Texas law in 1980. Effective September 1, 1987, the Texas legislature amended its parole eligibility law, making inmates convicted of aggravated offenses eligible for release after serving the lesser of one-fourth of the sentence imposed, or 15 calendar years ("one-fourth law"). Tex. Code Crim. Proc. Ann. art. 42.18, § 8(b) (West 1991). The prior version of the statute required inmates convicted of aggravated crimes to serve the lesser of one-third of the sentence imposed, or 20 calendar years ("one-third law"). Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (West 1979). The one-fourth rule is prospective only and is not given retrospective effect. Ex Parte Choice, 828 S.W. 2d 5, 8 (Tex. Crim. App. 1992).

The Equal Protection Clause requires that "all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). In determining an equal protection challenge to state legislation, such legislation is generally "presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at 440 (citations omitted). A claimant who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279,

13

292 (1987). A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]" Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988), or when a classification impermissibly interferes with a fundamental right. Hatten v. Rains, 854 F.2d 687, 690 (5th Cir. 1988). The Equal Protection Clause is violated only by intentional discrimination. "Discriminatory purpose . . . implies more than intent as volition or as awareness of consequences." Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979). "It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982)(citing Feeney, 442 U.S. at 279).

This court has upheld the purely prospective application of the one-fourth statute against an identical equal protection challenge. Ruiz v. Morales, 9 F.3d 103 (table), No. 93-4405, (5th Cir. Nov. 3, 1993).[10] The one-fourth statute "does not discriminate on any purposeful or invidious basis. . . [and] [t]he Texas legislature acted rationally in making its change in the parole eligibility law prospective only." Id. Consequently, we reject Mayabb's claim.

We also find that Mayabb has no constitutional right to parole. Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1996). He has not shown that the Texas legislature intended to cause any adverse effects on any identifiable group when it amended the parole laws. His equal protection contention lacks merit.

_____

[10] Although this decision is not controlling under the law-of-the-case doctrine because it is not a subsequent proceeding in the same case, see Paul v. United States, 734 F.2d 1064, 1066 (5th Cir. 1984), it is nevertheless of precedential value, see Fifth Circuit Local Rule 47.5.3 (unpublished opinions issued before January 1, 1996, are precedent); its legal analysis is persuasive, and it should be applied here to resolve the issue against Mayabb.

## Conclusion

Mayabb has failed to demonstrate that his conviction and sentence violates the Constitution. Each of the issues presented before this court has received full and fair consideration by the state and federal courts below. We have reviewed Mayabb's claims and find no merit in his petition for habeas corpus relief. We AFFIRM the dismissal of Mayabb's petition for habeas relief.