DENNIS, Circuit Judge,
concurring in part and dissenting in part:
I concur in part II of the majority opinion insofar as it holds that the district court erred in finding a constructive denial of counsel. I disagree, however, with part III, which rejects Gochicoa’s cross-appeal based on Strickland. Therefore, I respectfully dissent.
I.
Gochicoa ITs suggestion that the “crucial” and “devastating” factor of the Dut-ton Confrontation Clause test is equivalent to the harmless error test for erroneously admitted hearsay was an erroneous dictum; actually, Gochicoa II did not apply a harmless error test at all. Instead, it.applied an inverted sufficiency of evidence test: If the erroneously admitted hearsay evidence “standing alone” was not a sufficient basis for a conviction, it therefore is not “crucial and devastating” and hence could not be grounds for reversal as a Confrontation Clause violation.
(a) The Erroneous Dictum of Gochicoa II
The Supreme Court and this court have in the past taken great pains to point out that hearsay errors and Confrontation Clause violations are not fungible. On the contrary, they have held that the overlap between an admission of hearsay and a Confrontation Clause violation is not complete; either may occur without the other. This court, in Favre v. Henderson, 464 F.2d 359, 362 (5th Cir.1972) (quoting California v. Green, 399 U.S. 149, 155-156, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)), stated:
While it may readily be conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law. Our decisions have never established such a congruence; indeed, we have more than once found a violation of confrontation values even though the statements in issue were admitted under an arguably recognized hearsay exception. * * * The converse is equally true: merely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied.
See also Dutton v. Evans, 400 U.S. 74, 86, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) (“It seems apparent that the Sixth Amendment’s Confrontation Clause and the evi-dentiary hearsay rule stem from the same roots. But this court has never equated the two, and we decline to do so now.”); United States v. Sarmiento-Perez, 633 F.2d 1092, 1099 (5th Cir.1981) (“Conceptually, at least, evidence sufficiently reliable to qualify for admission under a recognized exception to the hearsay rule might yet offend confrontation values; and, conversely, the admission of incriminating hearsay evidence might well avoid impinging confrontation rights.”) (citing Wein-stein’s EvidenCE ¶ 800[04]; McCormick on Evidence, § 252); Cupit v. Whitley, 28 F.3d 532, 536 (5th Cir.1994) (“Although the confrontation clause and the hearsay rule are related, the Sixth Amendment right to confrontation does not perforce preclude the admission of any hearsay testimony.”); *288 Johnson v. Blackburn, 778 F.2d 1044, 1051 (5th Cir.1985) (same); Spears v. Circuit Court, Ninth Judicial District, 517 F.2d 360 (5th Cir.1975) (same) (citing, inter alia, Hoover v. Beto, 467 F.2d 516 (5th Cir.1972); Park v. Huff, 506 F.2d 849 (5th Cir.1975)).
In my opinion, the panel in Gochicoa II misinterpreted and misapplied the controlling precedents of the Supreme Court and this Circuit in concluding that there had been no violation of Gochicoa’s Confrontation Clause right. Contrary to those decisions, Gochicoa II seeks to truncate and prioritize the factors of Dutton and progeny to be taken into consideration in determining whether a Confrontation Clause violation has occurred. The Supreme Court has never said that only the first and fifth factors need be considered or that any factor can be totally disregarded. Indeed, this court has repeatedly demonstrated the importance of considering all the Dutton factors. See, e.g., Cupit, 28 F.3d at 537 (analyzing the five Dutton factors separately and stating that courts must assess “a host of considerations” in deciding whether or not wrongfully admitted hearsay evidence violates the Confrontation Clause); Johnson v. Blackburn, 778 F.2d 1044, 1051 (5th Cir.1985) (placing emphasis on the first and fourth factors of the Dut-ton test only because factors two and three were not applicable); Spears, 517 F.2d at 365-66 (examining the five Dutton factors); Fame, 464 F.2d at 363-64 (conducting an individual examination of nine factors described in Dutton). To focus exclusively on the first and fifth factors ignores not only precedent in this Circuit but also important constitutional considerations.
Nor has the Supreme Court or this court ever said that the Dutton “crucial” and “devastating” prong is really a substitute for a harmless error test rather than one of the factors to be weighed in determining whether a Confrontation Clause violation has occurred. In fact, Dutton used those words to distinguish prior cases in which much more damaging confrontation errors had occurred. Gochicoa II badly misread the meaning of this Circuit’s discussion of Dutton’s phraseology in Sarmiento-Perez, 633 F.2d at 1103 n. 6. Before penning footnote 6 of Sarmiento-Perez, Judge Tate surveyed Supreme Court precedent. He noted that,
In Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the Supreme Court held that the right of confrontation was not violated by the admission of a coconspirator’s inculpato-ry out-of-court declaration that was admissible under the state’s liberal hearsay exception, but inadmissible under the narrower federal hearsay exception. The Dutton court focused upon the now-familiar “indicia of reliability” standard as the threshold of admissibility under the confrontation clause ...
Sarmiento-Perez, 633 F.2d at 1103. In so holding, the Dutton court distinguished earlier Supreme Court precedent by stating:
This case does not involve evidence in any sense “crucial” or “devastating,” as did all the cases just discussed. It does not involve the use, or misuse, of a confession made in the coercive atmosphere of an official interrogation, as did Douglas .... It does not involve any suggestion of prosecutorial misconduct or even negligence, as did ... Douglas
Id. (quoting Dutton v. Evans, 400 U.S. at 86-87, 91 S.Ct. 210).
At the bottom of the above paragraph, Judge Tate attached footnote 6. Judge Tate did not say that the “crucial” and “devastating” language in Dutton and Douglas “simply restates harmless error rule.” Gochicoa II, 118 F.3d at 447 n. 5. In footnote 6 of Sarmiento-Perez Judge Tate actually said:
Much has been made of the “crucial” and “devastating” language in Dutton and Douglas. The thrust of the language in these decisions may be read as intending nothing more than the obser *289 vation that the evidence at issue was or was not sufficiently damaging to the defense to be considered grounds for reversal:
This case cannot be characterized as one where the prejudice in the denial of the right of cross-examination constituted a mere minor lapse. The alleged statements clearly bore on a fundamental part of the State’s case against the petitioner. The circumstances are therefore such that “inferences from a witness’s refusal to answer added critical weight to the prosecution’s case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant.”
Sarmiento-Perez, 633 F.2d at 1103 n. 6 (quoting Douglas v. Alabama, 380 U.S. 415, 420, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) (citations omitted)).
Going from bad to worse, the court in Gochicoa II, after mistakenly equating “crucial and devastating” with “harmless error,” proceeded to ignore the hearsay “harmless error” test and to convert the “crucial and devastating” factor into an inverted pro-prosecution sufficiency of evidence test. Almost immediately after its misinterpretation of Sarmiento-Perez, the court proceeded to reject the district court’s finding that the hearsay was “crucial and devastating” because “the tip from the informant standing alone did not connect Gochicoa to the balloon of heroin found in the public alleyway; only Carras-co’s testimony established an immediate, albeit circumstantial, link between Gochi-coa and the drugs.” Gochicoa II, 118 F.3d at 447 (emphasis added). “Although the informant’s tip certainly bolstered the state’s case,” the Gochicoa II court concluded that “the hearsay evidence was neither crucial nor devastating in the context of the trial as a whole.”[1] Id. In other words, Gochicoa II reasoned incoherently that if erroneously admitted hearsay evidence was by itself insufficient to support the defendant’s conviction, it could not have been “crucial and devastating;” therefore, it must have been harmless and not reversible error.
(b) The Proper Confrontation Clause Violation And Harmless Error Tests
In a proper Confrontation Clause analysis under Dutton, the court must, after analyzing the Dutton factors, also determine the nature of any error committed before deciding whether it justifies reversal. See Cupit, 28 F.3d at 537. See also Spears, 517 F.2d at 367 (applying a harmless error test after examining the factors in Dutton); Favre, 464 F.2d at 366 (same); Hoover v. Beto, 467 F.2d 516, 538 (5th Cir.1972) (same). Because the errors of Gochicoa’s counsel were his repeated failures during trial to recognize and object to the introduction of the inculpatory hearsay of an out-of-court accuser, they were trial errors.[2] Indeed, the court in Cupit explic *290 itly stated that admission of hearsay testimony is classified as a “classic trial error,” so actual prejudice must be shown and a harmless error test should be conducted. In Cupit, a federal habeas proceeding concerning Cupit’s second degree murder conviction in state court, this Circuit held that the testimony of investigating officers and witnesses about hearsay statements of an alleged murder victim prior to his death did not violate the accused’s Confrontation Clause rights. Cupit, 28 F.3d at 536-37. But assuming that they did, the court found that their admission was harmless error under Brecht, explaining that Brecht required the application of the standard in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (“whether the ... error ‘had substantial and injurious effect or influence in determining the jury’s verdict”), instead of the “harmless beyond a reasonable doubt” standard in Chapman v. California used to determine the effect of constitutional errors on direct review. See Cupit, 28 F.3d at 537-39; see also United States v. Chavez, 193 F.3d 375, 379 (5th Cir.2000).
Under this habeas “harmless error” test, the conviction cannot stand if the error had “substantial influence” or “if one is left in grave doubt.” Cupit, 28 F.3d at 538 (citing Kotteakos, 328 U.S. at 765, 66 S.Ct. 1239; Brecht, 113 S.Ct. at 1724 (Stevens, J. concurring)). “Our task ... is to determine ... whether the petitioner has successfully established in our minds grave doubt as to the question of whether the assumed wrongfully admitted hearsay influenced the conviction.” Id. at 538-39 (citing Lowery v. Collins, 996 F.2d 770, 773 (5th Cir.1993)). Thus, in this last respect, the Cupit court anticipated the Supreme Court’s holding in O’Neal v. McAninch, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (“When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had ‘substantial and injurious effect or influence in determining jury’s verdict,’ that error is not harmless. And, petitioner must win.”); see also California v. Roy, 519 U.S. 2, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996). By “grave doubt,” the Supreme Court explained, “we mean that in the judge’s mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.” O’Neal, 513 U.S. at 435, 115 S.Ct. 992. Thus, the ultimate question becomes “whether the petitioner has successfully established in our minds grave doubt as to the question of whether the assumed wrongfully admitted hearsay influenced the conviction.” Cupit, 28 F.3d at 538-39. In evaluating the trial error, the “strength of the' prosecution’s case is probably the single most important factor in determining whether the -error was harmless.” Id. at 539.
While the court in Gochicoa II purported to rely on a harmless error test, it is clear that the majority did not undertake the above Brecht-O’Neal-Roy analysis. The text of the opinion evidences use of a different standard. Because the “crucial and devastating” Dutton factor is not the same as the Brecht “harmless error” test, and is certainly different from Gochicoa II’s eccentric “inverted sufficiency test,” the Gochicoa II majority fell into compounded legal errors and failed to apply the correct Confrontation Clause or harmless error analysis.
II.
Because Gochicoa II’s errors were either dictum or the clearly erroneous appli *291 cation of an incorrect legal principle that would work a manifest injustice, we are not bound by those mistakes as the law of this case; in Gochicoa II we must apply correct legal principles in deciding the ineffective assistance of counsel claim.
To determine the binding effect of Go-chicoa II on this panel, the law of the case doctrine must be applied. First, the doctrine of the law of the case “ ‘posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent states of the same case.’ ” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). This rule serves to promote policies of both finality and judicial efficiency. See id. With respect to rules of law, the law of the case doctrine applies even on interlocutory appeals. See Royal Ins. Co. v. Quinn-L Capital Corp., 3 F.3d 877, 881 (5th Cir.1993). With regard to factual matters, this doctrine applies only to issues actually decided and does not apply to obiter dicta. See 18 James Wm. MooRE et. al., MooRe’s Federal PRACTICE § 134.20[3], at 134-45 (3d ed. 1999) (“The doctrine does not apply to statements made by the court in passing, or stated as possible alternatives.”) If the issue has been decided either explicitly or by implication, however, the law of the case doctrine governs. See Royal Ins., 3 F.3d at 881.
As applied in this Circuit, the law of the case doctrine is not absolute, and, in fact, application of this doctrine is discretionary. Courts, however, “will generally refuse to revisit a prior panel’s decision unless ‘(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.’ ” Free v. Abbott Labs., 164 F.3d 270, 272-73 (5th Cir.1999) (quoting North Miss. Comms., Inc. v. Jones, 951 F.2d 652, 656 (5th Cir.1992)).
In the present case, we are not bound by the dictum or the rule of decision adopted by Gochicoa II for several reasons. First, Gochicoa II is not law of the case with regard to ineffective assistance of counsel because Gochicoa II did not address whether the admission of the hearsay evidence was harmless error under the Brecht-Cupit analysis. Instead, the court in Gochicoa II, while purporting to examine harmless error by its misguided application of the “crucial and devastating” factor and an inverted sufficiency of evidence test, not only failed to correctly apply the Dutton Confrontation Clause factors but also failed to conduct the Brecht harmless error test.[3]
Furthermore, a finding by the court in Gochicoa II that the error was not “crucial and devastating” does not bar this court from considering Gochicoa’s ineffective assistance of counsel claim. This Circuit has recognized that an error does not have to be “crucial and devastating” to be harmful under Brecht. “[Hjearsay testimony that is neither ‘crucial’ nor ‘devastating’ under Dutton may nevertheless amount to reversible error under Kotteakos.” United States v. Arias-Diaz, 497 F.2d 165, 172 (5th Cir.1974). Consequently, even a proper finding that an error was not “crucial and devastating” does not bar a subsequent finding of a “substantial and injurious” error. Thus, this court should address Gochicoa’s Sixth Amendment *292 claim on a clear slate, free of the clearly erroneous and manifestly unjust rules of law applied by Gochicoa II.
Assuming, arguendo, that the “crucial and devastating” finding were broad enough to subsume the Brecht harmless error test, this court would not be bound by Gochicoa II because a “decision that was clearly erroneous and would work a manifest injustice” is an exception to the law of the case doctrine. Free, 164 F.3d at 272-73. In the pithy words of the Seventh Circuit, Gochicoa sets off the clearly erroneous standard because the topsy-turviness of its rule application “strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead 'fish.” Id. (quoting Parts & Elec. Motors, Inc. v. Sterling Elec. Inc., 866 F.2d 228, 233 (7th Cir.1988)). As the district court stated, “Go-chicoa was represented by counsel whose inaction and lack of basic knowledge resulted in a guilty verdict followed by a sentence of sixty (60) years in Texas prison.”
III.
Finally, application of Strickland to the present case requires the conclusion that Gochicoa was denied effective assistance of counsel. To determine whether the plaintiff was denied effective assistance of counsel, courts must apply the two-pronged test of Strickland v. Washington, 466 U.S. 668, 692-93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must first show that counsel’s performance was deficient. That is, he must show that “counsel’s representation fell below an objective standard of reasonableness.” Id. This showing is often difficult, as the Supreme Court employs a “highly deferential” approach that accords a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. The second prong of the test requires that the petitioner show prejudice due to counsel’s performance. See id. In defining prejudice, this Circuit has held that
the defendant must show that there is a reasonable probability that, but for counsel’s professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The defendant need not show “that counsel’s deficient conduct more likely than not altered the outcome in the case.” But it is not enough, under Strickland, “that errors had some conceivable effect on the outcome of the proceeding.”
Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir.1994) (quoting Strickland, 466 U.S. at 693-94, 104 S.Ct. 2052) (internal citations omitted).
Concerning the first prong of Strickland, there appears to be little doubt that counsel’s inept performance was deficient. As the district court observed, knowledge of the very basic rules of evidence is essential to any competent representation in a criminal trial. By failing to object to “obviously inadmissible hearsay,” Gochicoa’s counsel demonstrated his ignorance of these basic rules. The district court unequivocally stated, “Except for defense counsel, everyone in the courtroom on the day of the trial understood that the statements of the informant were hearsay....” Order Granting Habeas Writ at 17.
With respect to the prejudice prong, petitioner can clearly demonstrate a reasonable probability that, but for counsel’s deficient performance, “the result of the proceeding would have been different.” The hearsay testimony established a substantial and direct link between Gochicoa and the heroin dealer who lived in the very street and block where Gochicoa was seen walking and the illegal drugs were later found. Without the tipster’s out-of-court statement that Gochicoa was buying from that dealer at that location at that time, the state’s case, as likely as not, would have foundered because it would have rested only upon the tenuous basis of *293 Gochieoa’s nervousness and Carrasco’s testimony that at dusk, he saw Gochicoa from 150 feet make a throwing motion but did not see what object, if any, he threw. See Gochicoa II, 118 F.3d at 442, 447. As Judge Jolly noted in his dissent, “[T]he evidence that Gochicoa was in the area to buy heroin [from an identified dealer who lived there] provides a crucial link between the defendant and the drugs.” Id. at 449 (Jolly, J., dissenting). Moreover, the prosecution’s repeated reliance on the hearsay evidence underscores its importance. See id. (Jolly, J., dissenting). Even the majority in Gochicoa II admits that the remaining evidence was solely “circumstantial” and that the hearsay testimony “certainly bolstered the state’s case.... ” Id. at 447. Thus, any confidence in Gochicoa’s conviction is undermined because, but for counsel’s deficient performance in allowing the admission of the hearsay, a reasonable probability exists that the result of the proceeding would have been different.
We should not assume that we are bound by Gochicoa II’s distorted application of the “crucial and devastating” factor as an inverted sufficiency of evidence test. Thus, an independent evaluation should be undertaken with respect to Gochicoa’s ineffective assistance of counsel claim applying the Strickland analysis. Accordingly, I would AFFIRM the grant of habeas, REVERSE the district court’s refusal to consider Strickland prejudice, and RENDER judgment on the ineffective assistance of counsel claim in favor of Gochicoa.

. In contrast to the court's approach in Go-chicoa II, other courts have applied the “crucial and devastating” prong of Dutton in an even-handed way more in keeping with Dut-ton’s holding that it be considered as merely one of many factors or considerations. For example, in Cupit, the court "[v]iew[ed] the evidence about which Cupit complained through the ... prism of considerations” of the other four factors. Cupit, 28 F.3d at 537. See also Favre, 464 F.2d at 364-67 (evaluating the evidence without explicitly applying a formalistic test); Spears, 517 F.2d at 367 (employing a looser "significantly effect test” and stating "[i]t is inconceivable that the testimony of the receptionist or nurse might significantly affect the jury’s basis for evaluating the validity of the report and the opinions based upon it”) (emphasis added); Gochicoa II, 118 F.3d at 449 n. 8 (Jolly, J., dissenting) (“I can agree that the properly admitted evidence in this case was sufficient to allow a rational jury to convict Gochicoa, but that is not a question before this court today. A Confrontation Clause violation may occur when inadmissible evidence was devastating to the defense, even if the properly admitted evidence, viewed in isolation, is sufficient to sustain the verdict.”).

. In addition to trial error, there are two other types of error. The second type is structural error that vitiates the proceedings. See Cupit, 28 F.3d at 537-38. A "[s]lructural error is error ‘affecting the framework within which a trial proceeds.’ ” White v. Johnson, *290 153 F.3d 197, 201-02 (5th Cir.1998) (quoting Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). This type of error is so serious that it cannot be considered harmless (e.g., a biased judge or the denial of counsel to-the defendant). See Cupit, 28 F.3d at 537-38. The third type of error recognized by the Court in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), is that of “an unusual case” in which "a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not substantially influence the jury’s verdict.” Id. at 638 n. 9, 113 S.Ct. 1710.

. Although the State of Texas contends that White v. Johnson, 153 F.3d 197 (5th Cir.1998), and Harris v. Warden, 152 F.3d 430, 440 (5th Cir.1998), bar consideration of the ineffective assistance of counsel claim (because an earlier finding of harmless error prevents examination of the ineffective assistance of counsel claim), these cases prove wholly inapplicable given the finding that the court in Gochicoa II did not apply the harmless error test at all. Moreover, because Mayabb v. Johnson, 168 F.3d 863 (5th Cir.1999), was not a habeas case and, therefore, may have employed a different harmless error standard, that case is doubly inapplicable.