IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21031
Conference Calendar

_____

JUAN VALENZUELA FLORES,

Plaintiff-Appellant,

versus

LUTHER A. MASTERS; DR. MASTER; DR. VICTOR
ZIMA; CAPTAIN JAMES; CHARLES K; SERGEANT WILLIAMS;
DONALD G,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1973
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Juan Valenzuela Flores, Texas prisoner # 608260, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. The appellant argues that his back problem was aggravated because he was required to work more than four hours per day and that the defendants did not grant his request for a four-hour work day restriction until after he threatened to file suit against them. He does not dispute that his current work restrictions include: a four-hour

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work day; no lifting over 25 pounds; no squatting; no walking on wet, uneven surfaces; no working around machines with moving parts; no exposure to loud noises; and no work requiring complex instructions. Even if the appellant's allegations are taken as true, he has not alleged a constitutional violation as he does not allege that prison officials knowingly forced him to perform work assignments which were inconsistent with his work restrictions or that they knowingly imposed work restrictions that were beyond his physical capabilities. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989); Mendoza v. Lynaugh, 989 F.2d 191, 194 (5th Cir. 1993). Even if the defendants were negligent in establishing his work restrictions or making his job assignment, such negligence is not unconstitutional. See Jackson, 864 F.2d at 1246. Therefore, the district court did not err in dismissing his action for failure to state a claim upon which relief may be granted. The appellant's conclusional allegations that he was treated differently from nondisabled prisoners do not state an equal protection claim as he has not alleged any specific facts to show when or how he was treated differently from other nondisabled prisoners. See Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir.)(a violation of equal protection occurs only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups, or when a classification impermissibly interferes with a fundamental right), cert. denied, 528 U.S. 969 (1999).

AFFIRMED.