United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31115
Conference Calendar

ELZIA ALLEN RICHARDSON,

                            Plaintiff-Appellant,

versus

JOSEPH ARMATO; DONNA MENDEZ, Deputy Clerks in the
United States Court of Appeals for the Fifth Circuit,

                            Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-2594
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Elzia Allen Richardson, a Louisiana prisoner (# 522518),

has filed a motion for leave to proceed in forma pauperis ("IFP")

in his appeal of the district court's sua sponte dismissal of his

42 U.S.C. § 1983 action as frivolous.  By moving to proceed IFP,

Richardson is challenging the district court's certification that

he should not be granted IFP status because his appeal is not

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Richardson sued two deputy clerks of this court,[**] asserting that they had violated his constitutional rights by refusing to file his FED. R. CIV. P. 59(e) motion to alter or amend the judgment, which was submitted after this court had affirmed the district court's denial of habeas relief and denied his petition for rehearing.  The district court dismissed Richardson's civil-rights complaint as barred by the applicable one-year Louisiana statute of limitations.  Because Richardson has admitted that by October 2000 he had received notice that his Rule 59(e) motion would not be filed, his August 2002 complaint was indeed barred by the one-year Louisiana statute of limitations for personal-injury actions.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (civil-rights action accrues when plaintiff knows or has reason to know of the injury that forms the basis of the action).

Richardson's underlying claims were in any event frivolous. He had no right to file a FED. R. CIV. P. 59(e) motion in the court of appeals.  See FED. R. CIV. P. 1 (Federal Rules of Civil Procedure apply to proceedings in *district* courts).  Insofar as

---

[**] Although the defendants were not acting under color of state law as required by 42 U.S.C. § 1983, see Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994), Richardson's claims against them might be liberally construed as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

he was asserting that the defendants' refusal to file his Rule 59(e) motion violated his equal-protection rights, he has failed to demonstrate that any similarly-situated person has been or would be treated differently. See Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1999).

Richardson's request to proceed IFP in this court is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Richardson is cautioned that the district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Richardson is also cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.