United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-31083
Summary Calendar

DARRELL GUILBEAU,

Plaintiff-Appellant,

versus

GRASSO PRODUCTION MANAGEMENT, INC.;
UNION PACIFIC RESOURCES COMPANY;
WADLEIGH INDUSTRIES, INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1603-A
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Darrell Guilbeau appeals the summary judgment in favor of the

defendants in his personal injury lawsuit brought under the Outer

Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* He contends

that this court's interpretation of the Borrowed Employee Doctrine,

which the district court used to find that Union Pacific Resources

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Co. (Union) was immune from suit, runs counter to the legislative intent Congress's 1984 amendments to 33 U.S.C. § 904. This court has previously rejected such an argument. See West v. Kerr-McGee Corp., 765 F.2d 526, 530 (5th Cir. 1985). One panel of this court may not overrule another absent intervening en banc or Supreme Court precedent. Hogue v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).

Guilbeau also contends that the district court erred in holding that he was a borrowed employee of Union because the contract between his employer, Shaw Bagwell, and Union stated that borrowed-employee status would not arise. Parties may not contractually prevent a legal status, such as that of a "borrowed employee," from arising. See Melancon v. Amoco Prod. Co., 834 F.2d 1238, 1245 (5th Cir. 1988). Guilbeau has not established that he was not a borrowed employee based upon the "reality at the worksite." Id. at 1244; Ruiz v. Shell Oil Co., 413 F.2d 310, 313 (5th Cir. 1969). Guilbeau's assertion that he has been denied equal protection by the district court's refusal to hold Union to this contractual provision is without merit; he has not established that he is being treated differently from any "similarly situated" individual. Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1999)(citation and internal quotation marks omitted).

Guilbeau contends that the district court erred in dismissing his claims against Grasso Production Management (Grasso) and Wadleigh Industries (Wadleigh) on the grounds that the employees of

these companies that were arguably responsible for the injuries suffered by Guilbeau were also borrowed employees of Union. See 33 U.S.C. § 933(i). He maintains that these companies signed a contract with Union barring a finding of borrowed-employee status. Such a provision does not *per se* bar a finding by the courts of such a status. Melancon, 834 F.2d at 1245. As Guilbeau has not challenged the district court's finding that the "realities of the workplace" made the Grasso and Wadleigh employees "borrowed employees" of Union, any such argument is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Guilbeau has not shown that the district court erred in granting summary judgment in favor of the defendants. See Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56. Consequently, the judgments of the district court are AFFIRMED.