United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41499
Summary Calendar

———————————————

AARON FRANK COLE,

Plaintiff-Appellant,

versus

GREGORY W. ABBOTT, Counsel for
Respondents; THOMAS R. PHILLIPS,
Texas Supreme Court Chief Justice;
NATHAN L. HECHT; CRAIG T. ENOCH,
Texas Supreme Court Justice;
PRISCILLA R. OWEN, Texas Supreme
Court Justice; et al.,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-339

———————————————

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aaron Frank Cole, Texas prisoner # 722487, appeals the
district court's dismissal of his civil rights action pursuant to
28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a

———————————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim. He contends that the district court erred in dismissing his claims regarding the loss or destruction of his property by prison officials. Because the state trial court was not a court of competent jurisdiction and did not render a judgment on the merits, Cole's claims are not barred by the doctrine of *res judicata*. *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). However, Cole may not proceed in federal court on his property-conversion claims because the deprivation was due to random and unauthorized actions of state officers, and the state of Texas provides an adequate remedy for such actions. *See Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Cole's allegations that prison officials violated prison policy in damaging or losing his property is insufficient to allege a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Cole also asserts that the prison officials who investigated and reviewed his grievances and the state court judges and judicial employees who handled his state action violated his due process and equal protection rights. Because the grievance procedure does not affect the duration of a prisoner's confinement, Cole cannot establish that he has a state-created liberty interest in that procedure. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). With respect to his equal protection claim, Cole has not established that he was treated differently from similarly situated

2

individuals.  *See Mayabb v. Johnson*, 168 F.3d 863, 870 (5th Cir. 1999).  Cole's challenges to the rulings and actions of the state court are "inextricably intertwined" with the state court judgments, and the district court lacked jurisdiction to consider such claims.  *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("The *Rooker/Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments"); *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995).

Cole has not established that the district court erred in dismissing his lawsuit as frivolous and for failure to state a claim.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  Consequently, the judgment is

AFFIRMED.