United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41628
Conference Calendar

DALE DEVON SCHEANETTE, Individually, and on behalf of Texas Death
Row Inmate,

                                    Plaintiff-Appellant,

versus

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; JUSTICE FOR ALL VICTIMS
RIGHTS GROUP; WILLIAM "Rusty" HUBBARTH, Individually and In His
Official Capacity; JOHN & JANE DOES, Board of Criminal Justice
Members, Individually and in their Official Capacities; JOHN &
JANE DOES, Board of Director Members of Justice for All,
Individually and in their Official Capacities,

                                    Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-155
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Dale Devon Scheanette, Texas death row prisoner # 999440,

appeals the dismissal without prejudice of his 42 U.S.C. § 1983

suit as frivolous and for failing to state a claim upon which

relief could be granted.  Scheanette claimed that the denial of

televisions to death row inmates violated his federal

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional rights and the Americans with Disabilities Act (ADA). He also raised state law claims.

Dismissals made pursuant to 28 U.S.C. § 1915A are reviewed de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). As Scheanette has no constitutional right to watch television and because watching television is not a life necessity or a basic human need, his Eighth Amendment and retaliation claims were properly dismissed. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995); Montana v. Commissioners Court, 659 F.2d 19, 23 (5th Cir. Unit A Sept. 1981). Moreover, his equal protection claim fails because inmates with different housing classifications are not similarly situated. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1985).

Scheanette fails to show that the fact that he is a death row inmate renders him disabled within the meaning of the ADA. See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997); 42 U.S.C. § 12102(2). Finally, because the district court properly dismissed all of Sheanette's federal claims, the district court's dismissal without prejudice of his supplemental state law claims was not an abuse of discretion under 28 U.S.C. § 1367. See Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999).

Scheanette's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C, § 1915(g). Scheanette has accumulated at least two other strikes. See Scheanette v. Curry, No. 05-11065 (5th Cir. Aug. 25, 2006); Scheanette v. Thomas, No. 4:05-CV-208 (N.D. Tex. Apr. 8, 2005)), aff'd, No. 05-10615 (5th Cir. May 26, 2006). As he has at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.